[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant has moved to modify alimony based on his assertions that the person with whom he lives and shares expenses is no longer employed and that he himself is no longer able to obtain overtime.
The marriage of the parties was dissolved by this court on November 6, 1997 pursuant to a stipulation between them. The judgment provided that the defendant husband would pay the plaintiff wife the sum of $1.00 per year as alimony for a period of four years, with the amount modifiable in the event that the wife is not able to maintain the level of employment she held at the time of the dissolution. The term, however, is not modifiable. On the date of the judgment, the defendant was a police officer in Middletown with a gross income of $1,060 per week[1] and a net weekly income of $539.[2] The plaintiff was a human resources manager with a law firm earning $1,000 per week gross and $641 per week net. CT Page 13330
On August 19, 1998, the wife moved to modify alimony, alleging that she had lost her job. On October 7, 1998, the court approved an agreement between the parties that provided in part that "as periodic alimony during the period of the unemployment of the plaintiff the defendant shall pay to the plaintiff the sum of [$]185.00 per week, begin (sic) 10/9/98." The order further provided that alimony would cease on the wife's re-employment At the time that order was entered, the defendant had a gross income of $1,060 per week and a net income of $430.[3] At the time of the modification the wife was receiving $382 in income per week from unemployment.
In July of 1999, the parties appeared for a hearing on the defendant's motion. The court, after hearing the evidence concerning the plaintiff's prospects for re-employment, postponed decision for six weeks. The parties reappeared at that time for argument. The court makes the following findings of fact:
The defendant is now employed as a police sergeant with a gross weekly salary of $1,080. He has lost the opportunity to earn as much from overtime since his promotion, but has been able to average $220 per week gross beyond what is shown on his financial affidavit by working approximately six hours per week. His estimated net income of $600 per week does not include sums earned from overtime, but does include a credit union payment which has been reduced to $103 since the date of the judgment. In short, he is presently earning $220 per week more than he was at the time of the divorce or modification, and deducting approximately $100 less per week for the credit union debt than he was at the time of the divorce and approximately $200 less than he was at the time of the modification. He has not proven the amount contributed to his household by the person who had been making financial contributions to it.
The plaintiff has not worked at the level she enjoyed at the time of the dissolution since she lost her $52,000 per year job. She has received a job offer in which she will receive $475 bi-weekiy, or $225 per week, plus commissions. She will not earn commissions for 60 to 90 days.
Based upon those facts, and the agreement of the parties in October of 1998, the court has no choice but to terminate the plaintiff's alimony upon the entry of this order or her receipt of her first paycheck, whichever is later. The October 1998 order CT Page 13331 mandates that result. The parties stipulated to the order, and it is clear and unequivocal. When the parties stipulate and the court accepts the stipulation, they are bound to their agreement. However, nothing in this order precludes the plaintiff from seeking a modification of alimony based upon the original judgment. No such motion has been filed.
Accordingly, alimony is ordered terminated on the later of the entry of this order or the plaintiff's receipt of her first paycheck.
BY THE COURT,
Gruendel, J.